UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICARDO M. GROSS, | : | |
|     Petitioner, | : | |
| | : | |
|   v. | : | CIVIL NO. 3:18-cv-365 (AWT) |
| | : | |
| WARDEN D.K. WILLIAMS, | : | |
|     Respondent. | : | |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Ricardo M. Gross commenced this habeas corpus action pro se pursuant to 28 U.S.C. § 2241, challenging the computation of his sentence. The respondent contends that the petitioner's sentence was properly calculated. For the reasons that follow, the petition is being denied.

### I. Legal Standard

Section 2241 affords relief only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition filed pursuant to section 2241 may be used to challenge the execution of a prison sentence. Thus, section 2241 petitions are appropriately used to challenge conditions of confinement or sentence calculations. See Poindexter v. Nash, 333 F.3d 372,

377 (2d Cir. 2003). Before filing a habeas petition pursuant to section 2241, prisoners are required to exhaust internal grievance procedures. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001).

**II. Background**

On January 31, 1996, the petitioner was arrested by law enforcement officers for the District of Columbia on charges of armed bank robbery, use of a firearm during a crime of violence, possession of a firearm by a convicted felon, armed carjacking, and "theft of a senior citizen". On February 1, 1996, the petitioner was arrested by the United States Marshals Service on federal charges arising from the same incident.

The petitioner remained in continuous custody pending resolution of those federal charges. On September 12, 1996, the Superior Court in the District of Columbia revoked the petitioner's probation on a prior conviction and sentenced him to a term of imprisonment of 15 to 45 months.

On June 27, 1997, the petitioner was sentenced in the United States District Court for the District of Columbia in Case No. CR-96-57-1. He received concurrent sentences of 108 months for armed robbery, 108 months for possession of a firearm by a convicted felon, 15 to 45 years for armed carjacking, and 5

to 15 years for "theft of a senior citizen".  The petitioner also received a 10-year consecutive sentence for use of a firearm during a crime of violence.  The crimes of armed carjacking and "theft of a senior citizen" were D.C. Code violations.  The other crimes were federal violations.

On November 3, 1997, the petitioner was paroled from the District of Columbia Superior Court sentence for violation of probation.  On the same day, he began serving his sentence on Case No. CR-96-57-1.

The Bureau of Prisons ("BOP") applied 225 days of prior-custody credit, covering the period from January 31, 1996, through September 11, 1996, to the concurrent portion of the petitioner's sentence.  This resulted in a parole eligibility date of March 22, 2012, rather than November 2, 2012.  On March 22, 2012, the petitioner was paroled from the concurrent portion of the sentence and began serving the consecutive 10-year portion of the sentence.

The petitioner currently is confined at the Federal Correctional Institution in Danbury, Connecticut.  He commenced this action by petition filed March 1, 2018, after exhausting his institutional remedies.

## III. Discussion

The petitioner argues that the 225 days of prior-custody credit should be applied to each count reflected in the judgment. Thus, in his view, the 225 days of credit should be applied to the 10-year consecutive portion of his sentence in addition to the concurrent portion of the sentence.

The Attorney General has delegated exclusive authority to calculate federal sentences to the BOP. See United States v. Wilson, 503 U.S. 329, 335 (1992). A federal sentence commences on the day the individual is received into custody. 18 U.S.C. § 3585(a). The prisoner is given credit toward his federal sentence for time during which the prisoner was detained prior to the commencement of the federal sentence provided that the time has not been credited toward another sentence. Wilson, 503 U.S. at 333 (quoting 18 U.S.C. § 3585(b)). Inmates are precluded by statute from receiving double credit for any detention time. Id. at 337; BOP Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984).

Some of the charges of which the petitioner was convicted were violations of the District of Columbia Code. The District of Columbia Revitalization Act, D.C. Code § 24-101, provides that the BOP is responsible for computing the sentences of any

4

D.C. inmates housed in BOP or BOP-contracted facilities.  D.C. Code § 24-101(a) ("Such persons shall be subject to any law or regulation applicable to persons committed for violations of the laws of the United States consistent with the sentence imposed.").  Chapter 1 of BOP Program Statement 5880.33, the District of Columbia Sentence Computation Manual, provides that the BOP will calculate these sentences in accordance with the D.C. Code.  See Stevenson v. Mitchell, C/A No. 1:10-2673-RMG-SVH, 2011 WL 3626545, at *1 (D.S.C. July 26, 2011) (BOP computes sentences of D.C. offenders in accordance with D.C. Code).

The petitioner argues that the BOP's failure to aggregate the concurrent and consecutive portions of his sentence resulted in the alleged miscalculation.  He is mistaken.  The crimes underlying the sentence at issue here were committed on January 31, 1996.  Thus, the D.C. offenses are governed by the Omnibus Criminal Justice Reform Amendment Act of 1994 ("OCJRAA"), which applies to crimes committed after June 22, 1994.  Sentences for crimes covered by OCJRAA cannot be aggregated with any other type of sentence.  See BOP Program Statement 5880.33, Chapter 20.3 ("multiple OCJRAA sentences **cannot be aggregated**, nor may they be aggregated with any other type of sentence") (emphasis in original).

The petitioner was credited with the 225 days of prior custody credit toward the concurrent portion of this sentence. The prior custody credit resulted in a parole eligibility date that was 225 days earlier that it otherwise would have been.[1] The petitioner was released on parole from the concurrent portion of his sentence on March 22, 2012, and he began serving the consecutive portion 225 days earlier that he otherwise would have. As he was credited with all available prior custody time, the fact that the sentences were not aggregated had no impact on his total term of imprisonment.

The petitioner's actual argument appears to be that the 225 days of prior custody credit should also be credited toward the consecutive portion of his sentence. As the 225 days were credited toward the concurrent portion of his sentence, the petitioner's theory would result in the award of 450 days of prior custody credit, twice the amount that he earned. BOP rules, however, prohibit double-crediting of prior custody time. See United States v. Parrilla, 573 F. Supp. 2d 802, 803 (S.D.N.Y. 2008) (where prior custody credit awarded once, any

---

[1] The concurrent portion of the sentence was 15 to 45 years. Thus, without application of the prior custody credit, the petitioner would not have been eligible for parole until November 2, 2012, after serving the minimum 15 year portion of the sentence.

further reduction for the same prior custody time would result in inmate receiving double credit and is not permitted).

Even if the court were to consider the concurrent and consecutive portions of the sentence as two separate sentences, another award of the 225 days is prohibited as the time would already have been applied to another sentence. See Wilson, 503 U.S. at 333; United States v. Arroyo, 324 F. Supp. 2d 472 (S.D.N.Y. 2004) ("under federal law, the BOP is precluded from granting credit for time in pre-sentence detention that has already been credited against another sentence").

**IV. Conclusion**

The petition for writ of habeas corpus [ECF No. 1] is hereby **DENIED**. The Clerk is directed to enter judgment and close this case.

It is so ordered.

Signed this 9th day of July, 2018 at Hartford, Connecticut.

/s/AWT<br>
Alvin W. Thompson<br>
United States District Judge